UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OTMAR WITTINE,

        NO. CIV. S-03-1676 LKK/PAN P

    Plaintiff,

  v.                       O R D E R

F.T. DESCHLER, et al.,

    Defendants.
_____/

    Plaintiff is a former state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On June 15, 2005, plaintiff filed his second amended complaint. On August 4, 2005, the magistrate judge issued findings and recommendations stating that plaintiff's complaint fails to state a cognizable claim. While the findings and recommendations do not make it clear, it appears that the complaint was dismissed because "it did not allege an identified defendant" who "deprived plaintiff of a right secured to him by the Constitution," and because "[t]he 30-
////

1

1  day time requirement is a creature of state law."[1]  As explained
2  below, the court declines to adopt the magistrate judge's findings
3  and recommendations.
4      First, the second amended complaint does, in fact, set forth
5  the names of all the parties involved in the suit, as well as the
6  specific acts which plaintiff complains of.  Second Amended
7  Complaint ("SAC") at 2-4.  Secondly, the findings and
8  recommendations fail to explain why plaintiff's allegations would
9  be foreclosed because "[t]he 30-day time requirement is a creature
10 of state law."  Even assuming that the 30-day requirement does not
11 create a liberty interest, plaintiff appears to allege other acts
12 which violated his due process rights which were not discussed in
13 the findings in recommendations.[2]
14 ////
15 ////
16 ////
17 ////
18 ////
19 ////

---

[1] The findings and recommendations explains that plaintiff claims a due process violation because time credits were forfeited as a disciplinary measure after a hearing held more than thirty days after the day the District Attorney notified the California Department of Corrections he did not intend to prosecute plaintiff based on the conduct for which plaintiff was disciplined.

[2] For example, in addition to alleging that defendants failed to hold his disciplinary hearing within thirty days, plaintiff also alleges that defendants failed "to establish that due process was afforded at the hearing in the form of a written notice of declination of prosecution from the TCDA."  SAC at 5.

1    For the reasons set forth above, the court DECLINES to adopt
2 the magistrate judge's August 4, 2005 findings and recommendations
3 and REMANDS the case to the magistrate judge for further
4 proceedings consistent with this order.
5    IT IS SO ORDERED.
6    DATED: September 14, 2005.

                                /s/Lawrence K. Karlton
                                LAWRENCE K. KARLTON
                                SENIOR JUDGE
                                UNITED STATES DISTRICT COURT