IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OTMAR WITTINE,

        Plaintiff,                    No. CIV S-03-1676 LKK EFB P

    vs.

F. T. DESCHLER, et al.,

        Defendants.        ORDER

_____/

        Defendants Dawson, Deschler, Ornoski, C. Ransdell, S. Ransdell and Rianda move to modify the schedule made July 28, 2006.

        For the reasons explained below, defendants' motion is granted.

        A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

        On April 19, 2006, the court directed the United States Marshal to serve process on defendants. On June 19, 2006, defendants S. Ransdell, Rianda and Ornoski filed a motion to dismiss and defendants Deschler, Dawson and C. Ransdell filed an answer. On July 28, 2006, the court issued its schedule. On September 15, 2006, the court recommended that claims against Ornoski, S. Ransdell and Rianda be dismissed. Discovery closed on October 13, 2006,

1  but there has been no order on the findings and recommendations for dismissal for these
2  defendants.

3       Defendants Ornoski, S. Ransdell and Rianda seek relief from the discovery deadline
4  because they do not know whether they will be required to answer the complaint and they could
5  not have known despite diligently litigating this case. These defendants have established that
6  they were unable to meet the deadline despite due diligence.

7       Defendants Dawson, Deschler and C. Ransdell assert that they noticed plaintiff's
8  deposition on September 25, 2006, but that plaintiff has been released to parole and defendants
9  had no valid address for him. Accordingly, they sent the notice to plaintiff's parole officer and
10 requested assistance in locating plaintiff. The notice still has not been delivered to plaintiff.[1]
11 Counsel for these defendants also represents Ornoski, S. Ransdell and Rianda, and asserts that
12 extending the time for discovery until after the court issues an order on the findings and
13 recommendations would expedite this case because counsel could take plaintiff's deposition
14 once and address matters pertaining all defendants remaining in the case.

15      The court notes that counsel for defendants appears to have access to records showing
16 when prisoners are to be released. *See* Cal. Code Regs., tit. 15, § 3370(e). The application for
17 extension does not state when plaintiff was released or why plaintiff's deposition was not noticed
18 before that time. However, it is clear that an extension of the discovery deadline is appropriate
19 as to the three earlier-referenced defendants and it is not efficient to have different discovery
20 deadlines for different parties. Therefore, the deadline is being extended for all parties.

21      Accordingly, the court hereby ORDERS that:
22      1. Defendants' October 13, 2006, motion is granted;
23      2. The July 28, 2006, scheduling order is vacated;

---

[1] The court notes that on September 26, 2006, the findings and recommendations served on plaintiff were returned as undeliverable because he was not at the address on record with the court.

2

1    3. The parties may conduct discovery until March 20, 2007. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than 60 days before that date.

4. All pretrial motions, except motions to compel discovery, shall be filed on or before June 20, 2007. Motions shall be briefed in accordance with paragraph 7 of the order filed April 19, 2006.

5. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed. Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

Dated: November 27, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE